**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIONNE YOUNCE and )
KENNETH W. GREENE )
                                )
   Plaintiffs, )
                                  )
vs. )      Case No.
                                  )
CITY OF JACKSONVILLE, FLORIDA, )
a Florida municipal corporation, )
                                  )
   Defendant. )
_____)

**VERIFIED COMPLAINT**
**Injunctive and Declaratory Relief Requested, and Damages**

Plaintiffs Dionne Younce and Kenneth W. Greene sue Defendant, the City of Jacksonville, for injunctive and declaratory relief, and damages, and allege as follows:

**INTRODUCTION**

1.      Sections 685.104(a)(3)(ii) and (iv) of the Municipal Code of the City of Jacksonville (the Ordinance) impose certain restrictions on residents who are required to register as sexual offenders or predators under Florida law.

2.      Under § 685.104(a)(3)(ii), sexual offenders are required on Halloween to post a sign on their residence in two-inch letters which is visible from the street that states, "No candy or treats here."

3.     Under § 685.104(a)(3)(iv), sexual offenders are prohibited from placing "any display including but not limited to displays for any nationally or locally recognized holiday or seasonal event or practice" if such display is "primarily targeted to entice, attract, or lure a child" onto their property.

4.     A violation of either provision is punishable by a fine or imprisonment.

5.     Plaintiffs, residents and property owners in the city of Jacksonville who are registered sexual offenders, object to being forced to post the required sign at their residence on Halloween and claim that § 685.104(a)(3)(ii) amounts to compelled speech in violation of the First Amendment.

6.     Plaintiffs also claim that § 685.104(a)(3)(iv) prohibits them from placing displays at their homes which are protected expressive conduct, in violation of the First Amendment's guarantee to free speech.

7.     Finally, Plaintiffs claim that § 685.104(a)(3)(iv) unconstitutionally is vague because it fails to provide notice that is adequate to enable an ordinary person to understand what is required to comply with the law.  It also fails to provide adequate guidelines to law enforcement, thus resulting in arbitrary and discriminatory enforcement in violation of the Fourteenth Amendment.

8.     The provisions, both on their face and as applied to Plaintiffs, are unconstitutional.

9.     Plaintiffs have suffered past harm for the loss of their constitutional rights and want to engage in the future in constitutionally protected expressive

conduct. Plaintiffs thus sue the City of Jacksonville, seeking injunctive and declaratory relief and damages, to redress the violation of their constitutional rights.

## JURISDICTION AND VENUE

10.     This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

11.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

12.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this judicial district.

## PARTIES

13.     Plaintiff Dionne Younce is a resident of the city of Jacksonville, Florida.  Ms. Younce has a college education, works in the restaurant business, and owns her own home in Jacksonville.  Ms. Younce is designated as a sexual offender as defined by F.S. §§ 943.0435, 775.21, and 944.607 and is required to register with Florida state and local officials.  She has completed all aspects of her sentence and is not currently on probation, parole, or any form of court supervision.  Because she is designated a sexual offender, Ms. Younce is subject to the restrictions and penalties of the Ordinance.

14.     Plaintiff Kenneth W. Greene is a resident of the city of Jacksonville, Florida.  Mr. Greene is a veteran who served in the United States Navy and was honorably discharged.  He worked for many years in the home improvement industry and is currently retired.  Mr. Greene owns a home in Jacksonville where he lives with his wife and is active in his church and civic affairs.  Mr. Greene is designated as a sexual offender as defined by F.S. §§ 943.0435, 775.21, and 944.607 and is required to register with Florida state and local officials.  He has completed all aspects of his sentence and is not currently on probation, parole, or any form of court supervision.  Because he is designated a sexual offender, Mr. Greene is subject to the restrictions and penalties of the Ordinance.

15.     Defendant City of Jacksonville is a municipal corporation organized under the laws of the State of Florida.  The City is sued based on the acts of its officials, agents, and employees.  At all relevant times, the City and its officials, agents, and employees were acting under color of state law.

## STATEMENT OF FACTS

### A. Jacksonville City Ordinance §685.104: Prohibited Activities for Sexual Offenders and Sexual Predators Related to a Nationally or Locally Holiday or Seasonal Events.

16.     In 2005, the City of Jacksonville enacted an ordinance to impose certain restrictions on registered sexual offenders and predators.  Like ordinances in many Florida cities, the Ordinance imposes restrictions on where sexual offenders and predators can reside.  § 685.102.

-4-

17.     However, unlike most Florida cites, Jacksonville amended its Ordinance in 2015 to impose certain restrictions on the activities of sexual offenders and predators on Halloween, § 685.104(a)(3)(ii), and restricted their right to place "displays" at their residence "if such display is primarily targeted to entice, attract, or lure a child onto their property." § 685.104(a)(3)(iv).

18.     Changes to the Ordinance were made by an amendment in 2016 to produce the Ordinance in its present form. § 685.104.

19.     Specifically, § 685.104(a)(3)(ii) states as follows:

(3)  Any person designated a Sexual Offender or Sexual Predator shall:

(ii)  From 6:00 a.m. to 11:59 p.m., on October 31 (or any other day on which Halloween is celebrated) post a sign at his or her residence, including a vessel, or vehicle, stating, "No candy or treats here." Such signs shall be in letters at least two inches high and shall be legible on the property leased, rented, owned or occupied by the Sexual Offender or Sexual Predator, and clearly visible from the street, waterway, or any property that is open to public access. The signs may be removed after 11:59 p.m. on October 31, or the day on which Halloween is celebrated.

20.     In addition, the Ordinance restricts sexual offenders and predators from putting up displays at their residence that can be seen from the exterior of their homes.  Specifically, under § 685.104(a)(3)(iv) a sexual offender or predator shall:

(iv)   Not place or allow any display, including but not limited to displays for any nationally or locally recognized holiday or seasonal event or practice, to be visible from the exterior of any Sexual Offender's or Sexual Predator's residence, including a vehicle or vessel, or on any property which is leased, rented, owned or occupied by such person, if such display is primarily targeted to entice, attract, or lure a child onto any residence or property, or onto or nearer to

-5-

any vehicle or vessel rented, owned or occupied by such person. Enforcement of this section shall not be limited to the actual calendar date of any given nationally or locally recognized holiday or seasonal event or practice.

21.   In the Definitions section of the Ordinance, § 685.104(b)(4), "Display" is defined as "any decoration including, but not be limited to, lighting, figurines, posters, artwork, crystals, bales of hay, scarecrows, etc. which is visible to the public in plain view and is primarily targeted toward children." There is no definition, however, in the Definitions section of § 685.104(b) of the phrase "primarily targeted toward children."

22.   Nor does the Definitions section define the meaning of "primarily targeted to entice, attract, or lure a child," in § 685.104(a)(3)(iv).

23.   The penalties for a violation of the Ordinance are as follows: "With regard to enforcement of this section, the City and the Sheriff's Office may pursue any enforcement action or legal remedy available under the controlling state law and any legal remedy available to the City, to include, but not limited to, injunctive relief, arrest, a fine not exceeding $500.00 for each occurrence, or by imprisonment for a term not exceeding 60 days or by both a fine and imprisonment for each occurrence, unless prohibited by law." § 685.104(c).

**B. Enforcement of the Ordinance**

24.   The Ordinance is "an ordinance of Countywide applicability, enforceable throughout Duval County." § 685.104(e).

25.     Upon information and belief, each year on Halloween, detectives from the Jacksonville Sheriff's Office typically visit the home of each person required to register as a sexual offender or predator to check to see if they have posted the required sign stating, "No candy or treats here," pursuant to § 685.104(a)(3)(ii).

26.     Upon information and belief, during other holidays and seasonal events, particularly the Christmas holiday season, detectives check the residences of those required to register to see if they have displays at their residences which are "primarily targeted to entice, attract, or lure a child," and in violation of § 685.104(a)(3)(iv).

27.     Violations of the Ordinance are actively prosecuted by law enforcement agencies in the city of Jacksonville. *See* https://www.news4jax.com/news/2019/11/01/jso-sex-offenders-dressed-in-costumes-gave-out-candy/.

28.     The State of Florida has a sexual offender and predator registry which is available to the public on its website.  Through the search function, the public can put in a specific address to determine if a sexual offender or predator lives at that location and how many sexual offenders reside within a quarter mile to five-mile radius. *See* https://offender.fdle.state.fl.us/offender/sops/offenderSearch.jsf.

29.     The Jacksonville Sheriff's Office website has a link on its homepage which automatically connects the user to the Florida sexual offender registry.  On

Halloween, the Sheriff sends alerts to the public through its website which informs the public of the restrictions in the Ordinance.  *See* Jacksonville Sherriff's Office, Bulletin, *Sexual Offenders and Sexual Predators on Halloween* (Oct. 27, 2021) https://www.jaxsheriff.org/News/Halloween2021-Sexual-Offenders-and-Predators.aspx.

### C.  Plaintiff Dionne Younce

30.    Ms. Younce has been a resident of Jacksonville for eight years and currently owns her own home.

31.    Ms. Younce has been required to register as a sexual offender since 2018.

32.    On every Halloween at 6:00 a.m., Ms. Younce places a sign in two-inch letters on her residence pursuant to § 685.104(a)(3)(ii) which states, "No candy or treats here."  The sign remains in place on her residence until she is allowed under the Ordinance to remove it.

33.    Putting the required sign on her residence every Halloween causes Ms. Younce to experience great stress, anxiety, and fear.  Throughout the day and evening up until midnight, she is afraid the sign will become dislodged, obscured, or even taken down in an act of vandalism.  She stays at home the entire day and night and constantly checks to see that the sign is properly in place and clearly visible from the street.

34.     Because the Jacksonville Sheriff's Office alerts the public on its website on every Halloween that all sexual offenders and predators are required to post the sign, Ms. Younce is afraid that people will discover that she has been designated a sexual offender and that some may target her for harassment, vandalism, and even violence.

35.     Ms. Younce objects to having to post the required sign because, among other things: a) she believes the First Amendment protects her right *not* to speak as well as her right to speak; b) the statement that the Ordinance compels her to post is not true; c) she objects to being compelled to having to publicly identify herself as a person designated a sexual offender, and her residence as a place where one resides; and d) the sign implies that she poses a danger to children, which is untrue.  This public declaration at Halloween draws immediate attention to her residence and exposes her to a real threat of harassment, vandalism, and the dangerous mischief common on Halloween night.  Ms. Younce is trying to move past her convictions, but this sign impedes that transition by exposing her to ridicule each year during Halloween.

36.     Despite her objections to having to post the sign on Halloween, Ms. Younce dutifully complies because she fears being arrested and prosecuted under the Ordinance.

37.     Ms. Younce also wants to display decorations on the outside of her home on her property during nationally or locally recognized holidays and

seasonal events, but she does not because of the restriction in § 685.104(a)(3)(iv), which prohibits designated sexual offenders from placing "any display" outside their home which is "primarily targeted to entice, attract, or lure a child" onto their property.

38.    Ms. Younce was raised in a family whose traditions included an open and vibrant celebration of holidays and seasonal events, particularly the Christmas season.

39.    As an adult, Ms. Younce continued that tradition.  Prior to being designated as a sexual offender, Ms. Younce routinely decorated the outside of her residence with various displays during several different holiday and seasonal events, especially during the Christmas season.  In the past, her Christmas display included handmade wooden cut-out figures of deer placed on her front lawn that were specially made for her by her late father.  Because of the Ordinance, Ms. Younce does not put *any* display out and she gave the wooden cut-outs to a family friend.

40.    For the Christmas season, Ms. Younce presently wants to decorate the outside of her home with a traditional Christmas display that includes colored and white lights trimming the windows and front door of her home, a Christmas wreath on her front door, and a manger with a figure of baby Jesus.  The message Ms. Younce seeks to convey by the display is that Christmas is the season to celebrate love, peace, happiness, and joy; charity to others; and the birth of Jesus.

41.     For Thanksgiving, Ms. Younce presently wants to decorate her home with the following items: a harvest wreath of fall florals and greenery on her front door; pumpkins and other gourds; a cornucopia of various produce and flowers; hay; and a scarecrow.  The message Ms. Younce seeks to convey by the display is that Thanksgiving is the season to give thanks, to be grateful for the blessings we enjoy, and to share and help others. Ms. Younce also seeks to convey the importance of family.

42.     Ms. Younce has spoken to law enforcement officers and asked whether certain displays were appropriate and complied with the Ordinance.  She has been given inconsistent answers and has been told only that she can put a display on the outside of her home so long as the display does not "entice, attract, or lure a child" onto her property.  She has been given no clear guidance or direction by law enforcement as to what constitutes a violation of the Ordinance and has been left to guess whether a certain display or item would violate the law. The threat of arbitrary enforcement of the Ordinance has been taxing, causing her distress and humiliation, and has deterred Ms. Younce from putting displays and decorations outside her home during the Thanksgiving and Christmas seasons.

43.     As a result, Ms. Younce does not put *any* displays or decorations on the outside of her home at *any* time because she is fearful of being arrested and prosecuted under § 685.104(a)(3)(iv) of the Ordinance.  Being denied her right to

express herself through holiday displays causes her to experience humiliation, embarrassment, and distress.

**D.  Plaintiff Kenneth W. Greene**

44.     Mr. Greene has lived in Jacksonville for sixty years and owns a home where he lives with his wife.  He has six grandchildren who live in the area with whom he frequently spends time.

45.     Mr. Greene has been required to register as a sexual offender since 2005.

46.     On every Halloween at 6:00 a.m., Mr. Greene places a sign in two-inch letters on his residence pursuant to § 685.104(a)(3)(ii) which states, "No candy or treats here."  The sign remains in place at his residence until he is allowed under the Ordinance to remove it.

47.     Putting the required sign on his residence every Halloween causes Mr. Greene to experience great stress, anxiety, and fear.  Throughout the day and evening up until midnight, he is afraid the sign will become dislodged, obscured, or even taken down in an act of vandalism.  He stays at home the entire day and night and constantly checks to see that the sign is properly in place and clearly visible from the street.  Because the Jacksonville Sheriff's Office alerts the public on its website on every Halloween that all sexual offenders and predators are required to post the sign, Mr. Greene is afraid that people will discover that he has

been designated a sexual offender and that some may target him for harassment, vandalism, and even violence.

48.     Mr. Greene objects to having to post the required sign because, among other things: a) he believes the First Amendment protects his right *not* to speak as well as his right to speak; b) the statement that the Ordinance compels him to post is not true; c) because the Ordinance requires only sexual offenders and predators to post the sign, he objects to being compelled to having to publicly identify himself as a person designated a sexual offender, and his residence as a place where one resides; and d) the sign implies that he poses a danger to children, which is untrue. This public declaration at Halloween draws immediate attention to his residence and exposes him to a real threat of harassment, vandalism, and the dangerous mischief common on Halloween night.  He is trying to move past his convictions, but this sign impedes that transition by exposing him to ridicule each year during Halloween.

49.     Despite his objections to having to post the sign on Halloween under § 685.104(a)(3)(ii), Mr. Greene dutifully complies because he fears being arrested and prosecuted under the Ordinance.

50.     Mr. Greene also wants to display decorations on the outside of his home on his property during nationally or locally recognized holidays and seasonal events, but he does not because of the restriction in § 685.104(a)(3)(iv), which

prohibits designated sexual offenders from placing a display outside their home which is "primarily targeted to entice, attract, or lure a child" onto their property.

51.     Prior to being designated as a sexual offender, Mr. Greene decorated the outside of his residence with various displays during several different holiday and seasonal events, especially during the Christmas season.

52.     Mr. Greene is a devout Christian and for Christmas, he would like to put out a Christmas display—as he used to prior to being designated as a sexual offender—which includes a wreath on his door and lights on the front of his house, and which features a four-foot cross with white lights on the center of his lawn. Mr. Greene believes that many people have forgotten the true meaning of Christmas and he wishes to express through the display that Christmas is the time to celebrate the birth of Jesus.

53.     Mr. Greene has spoken to law enforcement officers and asked whether certain displays were appropriate and complied with the Ordinance.  He has been given inconsistent answers and has been told that he can put a display on the outside of his home so long as it does not "entice, attract, or lure a child" onto his property.  One officer told Mr. Green that he could put Christmas lights on the outside of his home, so long as he does not go "overboard."  A different officer told Mr. Greene that pursuant to Ordinance, he cannot put any lights or displays anywhere, either inside or outside of his house, if the lights or display are visible from the exterior of his residence.

54.     Mr. Greene has a glass front door.  Just inside the front door is a hallway which leads directly to the rear of the house, which is a glass-enclosed rear patio.  From the front exterior of his house, one can see lighting on in the rear patio.  Mr. Greene also has large windows in the front of his home, through which lights can be seen.  As a result, Mr. Greene no longer puts his family Christmas tree and other decorations in the glass-enclosed rear patio or anywhere near his front widows for fear that the colored lights will be seen from the street in front of his home, and that he will be considered in violation of the Ordinance for the Christmas tree lights *inside* his house.

55.     Mr. Greene has been given no clear guidance or direction by law enforcement as to what constitutes a violation of the Ordinance and has been left to guess whether a certain display would violate the law.  The threat of arbitrary enforcement of the Ordinance has been taxing, causing him distress and humiliation, and has deterred Mr. Green from putting any display outside his home during the Christmas season.

56.     As a result, Mr. Greene does not put *any* displays or decorations on the outside of his home at *any* time because he is fearful of being arrested and prosecuted under § 685.104(a)(3)(iv) of the Ordinance.  Being denied his right to express himself through a holiday display causes Mr. Greene to experience humiliation, embarrassment, and distress.

## **CLAIMS FOR RELIEF**

## **COUNT I – Section 685.104(a)(3)(ii): First Amendment Compelled Speech, 42 U.S.C. § 1983**

57.     Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

58.     Section 685.104(a)(3)(ii) is unconstitutional, both on its face and as applied to Plaintiffs, because it compels Plaintiffs, and all registered sexual offenders, to engage in speech and communicate the government's message, in violation of the First Amendment.

59.     Section 685.104(a)(3)(ii) is not narrowly tailored to serve a compelling governmental interest and is not the least restrictive means of achieving any compelling government interest.

60.     Because the Defendant, City of Jacksonville, has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the First Amendment, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

61.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have and will suffer irreparable harm and damages, which will continue absent relief.

62.     As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## COUNT II– Section 685.104(a)(3)(iv): First Amendment Right to Free Speech, 42 U.S.C. §1983

63.     Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

64.     Section 685.104(a)(3)(iv) restricts and prohibits Plaintiffs from placing displays at their homes which are protected expressive conduct, in violation of the First Amendment's guarantee of free speech.  The provision is unconstitutional, both on its face and as applied to Plaintiffs, because it is not a reasonable time, place, and manner restriction, in that it is not narrowly tailored to serve a significant governmental interest, and it does not leave open ample alternative channels of communication.

65.     Because the City of Jacksonville has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the First Amendment, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

66.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have and will suffer irreparable harm and damages, which will continue absent relief.

67.     As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## **COUNT III – Section 685.104(a)(3)(iv): Fourteenth Amendment Due Process/Vagueness, 42 U.S.C. §1983**

68.      Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

69.      Section 685.104(a)(3)(iv) of the municipal code of the City of Jacksonville provides for criminal penalties.

70.      Section 685.104(a)(3)(iv) fails to provide notice that is adequate to enable an ordinary person to understand what conduct is prohibited and how to comply with its regulations.  The provision also fails to establish adequate guidelines to govern law enforcement and hence, authorizes and encourages arbitrary and discriminatory enforcement.

71.      Section 685.104(a)(3)(iv) is unconstitutional, both facially and as applied to Plaintiffs, because it is void for vagueness, in violation of the Due Process Clause of the Fourteenth Amendment.

72.      Because the City of Jacksonville has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the Fourteenth Amendment, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

73.      As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have and will suffer irreparable harm and damages, which will continue absent relief.

74.      As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs Dionne Younce and Kenneth W. Greene demand judgment against Defendant City of Jacksonville and request the following relief:

A. A declaratory judgment that Sections 685.104(a)(3)(ii) and (iv) of the municipal code of the City of Jacksonville violate the First and Fourteenth Amendments to the United States Constitution, both facially and as applied to Plaintiffs;

B. A preliminary and permanent injunction prohibiting the City and its agents from enforcing Sections 685.104(a)(3)(ii) and (iv) of the municipal code of the City of Jacksonville;

C. An award of all damages permitted by law to Plaintiffs, including but not limited to compensatory and nominal damages;

D. An award of attorneys' fees and costs; and

E. Any such other relief that may be appropriate.

## **Jury Demand**

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
*dtrevisani@floridajusticeinstitute.org*
Ray Taseff
Florida Bar No. 352500
*rtaseff@floridajusticeinstitute.org*

-19-

Florida Justice Institute, Inc.
PO Box 370747
Miami, Florida 33137
305-358-2081
305-358-0910 (Fax)

By: ___*s/Ray Taseff*___
       Ray Taseff

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| DIONNE YOUNCE and | ) | |
| KENNETH W. GREENE, | ) | |
| | ) | |
|   Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF JACKSONVILLE, FLORIDA, | ) | |
| a Florida municipal corporation, | ) | |
| | ) | |
|   Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF DIONNE YOUNCE

I, Dionne Younce, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Dionne Younce. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Dionne Younce*                                Date:  August 26, 2022
Dionne Younce

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| DIONNE YOUNCE and | ) | |
| KENNETH W. GREENE, | ) | |
| | ) | |
|   Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF JACKSONVILLE, FLORIDA, | ) | |
| a Florida municipal corporation, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

## <u>DECLARATION OF KENNETH W. GREENE</u>

I, Kenneth W. Greene, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Kenneth W. Greene. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Kenneth W. Greene*                    Date:  August 26, 2022
Kenneth W. Greene

-22-